IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KATHERINE MARTINEZ, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. 4:20-cv-3481 |
| TARGET CORPORATION, | § § § | **JURY** |
| Defendant. | § | |

**AGREED PROTECTIVE ORDER**

Upon motion of the parties for an Agreed Protective Order, it is hereby ordered that:

1. This Order is meant to encompass all forms of disclosure which may contain Confidential Material, including any document, pleading, motion, exhibit, declaration, affidavit, deposition transcript, inspection and all other tangible items (electronic media, photographs, videocassettes, etc.).

2. The parties may designate any Confidential Material produced or filed in this Lawsuit as confidential and subject to the terms of this Order by marking such materials "Confidential". Any material designated as "Confidential" shall not be disclosed to any person or entity, except to the parties, counsel for the respective parties, counsel's staff and expert witnesses assisting counsel in this Lawsuit, and the Court.

3. Any material designated as confidential pursuant to paragraph 2 above shall be used solely for the purpose of this Lawsuit and any appeal and for no other purpose.

4. Prior to disclosure of any Confidential Material to anyone other than those listed in Paragraph 2, each person to whom disclosure is to be made shall execute a written "Confidentiality Agreement" (in the form attached hereto as Exhibit "A") consenting to be

bound by the terms of this Order.  The parties and counsel for the respective parties (including legal assistants and other personnel) are deemed to be bound by this Order and are not required to execute a Confidentiality Agreement.

5.  Only counsel of record in this Lawsuit shall be permitted to disseminate Confidential Material.  Upon dissemination of any Confidential material, each non-designating counsel of record in this Lawsuit shall maintain a written record as to: (1) the identity of any person given Confidential Material, and (2) the identity of the Confidential Material so disseminated (such as by "Bates stamp" number).

6.  If additional persons become parties to this Lawsuit, they shall not have access to any Confidential Material until they execute and file with the court their written agreement to be bound by the terms of this Order.

7.  In the event that any question is asked at a deposition that calls for the disclosure of Confidential Material, the witness shall answer such question (unless otherwise instructed not to do so) provided that the only persons in attendance at the deposition are persons who are qualified to receive such information pursuant to this Order.  Deposition testimony may be designated as confidential following the testimony having been given provided that: (1) such testimony is identified and designated on the record at the deposition, or (2) non-designating counsel is notified of the designation in writing within 10 days after receipt by the designating party of the respective deposition transcript.  All deposition transcripts in their entirety shall be treated in the interim as "Confidential" pursuant to paragraph 2 above.  When Confidential Material is incorporated in a deposition transcript, the party designating such information confidential shall make arrangements with the court reporter not to disclose any information except in accordance with the terms of this Order.

8. To the extent confidential material subject to this Order or documents that reveal the contents of such materials are filed, prior to trial, in this or any other court or the substance thereof is revealed in papers filed in this or any other court or in the transcript of any proceedings, such materials, papers or transcripts shall be filed under seal, and with a written representation in bold type that such materials, papers, or transcripts contain material designated as confidential under this Order.

9. If a non-designating party is subpoenaed or ordered to produce Confidential Material by another court or administrative agency, such party shall promptly notify the designating party of the pending subpoena or order and shall not produce any Confidential Material until the designating party has been notified.

10. If a party believes that any Confidential Material does not contain confidential information, it may contest the applicability of this Order to such information by notifying the designating party's counsel in writing and identifying the information contested. The parties shall have 14 days after such notice to confer and attempt to resolve the issue. If the dispute is not resolved within such period, the party seeking the protection shall have 7 days in which to make a motion for a protective order with respect to contested information. Information that is subject to a dispute as to whether it is properly designated shall be treated as designated in accordance with the provisions of this Order until the Court issues a ruling unless no motion for protective order is filed.

11. Inadvertent failure to designate any material "Confidential" shall not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within 14 days after discovery of the inadvertent failure. At such time, arrangements shall be made by the requesting party to designate the material "Confidential" in accordance with this Order.

12. This Order shall be without prejudice to the right of any party to oppose production of any information or object to its admissibility into evidence.

13. When any counsel of record in this Lawsuit or any attorney who has executed a Confidentiality Agreement becomes aware of any violation of this Order, such attorney shall report that there may have been a violation of this Order to the Court and all counsel of record.

14. Within 30 days after the final termination (including all appeals) of this Lawsuit (whether by settlement, dismissal, final judgment or appeal), all Confidential Material (including all copies) shall be returned to counsel for the designating party, if requested, with the exception that one copy of the Confidential Material may be maintained by the receiving party so that the receiving party may maintain a complete file.

15. After the termination of this Lawsuit, the provisions of this Order shall continue to be binding and this Court shall retain jurisdiction over the parties and any other person who has access to documents and information produced pursuant to this Order for the sole purpose of enforcement of its provisions.

Signed the 19th day of February, 2021.

_____
Gray H. Miller
Senior United States District Judge

AGREED AS TO FORM AND CONTENT:

By: /s/ Abraham Garcia with permission
    Abraham Garcia
    State Bar No. 24078005
    Carlos A. Saldana
    Texas Bar No. 24086403
    Federal Bar No. 3098105
    KGS Law Firm
    150 West Parker Road
    Suite 705-B
    Houston, Texas 77076
    Telephone: (281) 962-7772
    Facsimile: (281) 962-7772
    Eservice: kgs@KGSlawgroup.com

**ATTORNEYS FOR PLAINTIFF**

**GERMER, PLLC**

By: /s/ Valerie L. Ly
    **Troy A. Williams**
    State Bar No. 00788678
    Federal I.D. No. 19043
    **Valerie L. Ly**
    State Bar No. 24053692
    Federal I.D. No. 2387134
    America Tower
    2929 Allen Parkway, Suite 2900
    Houston, Texas 77019
    *Telephone*: (713) 650-1313
    *Facsimile:* (713) 739-7420
    *E-Mail:* twilliams@germer.com
    *E-Mail:* vly@germer.com

**ATTORNEYS FOR DEFENDANT**

EXHIBIT "A"

## CONFIDENTIALITY AGREEMENT

BEING DULY SWORN, I hereby attest to the following:

(1) It is my understanding that confidential information will be provided to me pursuant to the terms and restrictions of the Protective Order entered in 4:20-cv-03481; *Katherine Martinez v. Target Corporation*; In the Southern District of Texas Houston Division ("Court").

(2) I have been given a copy of and have read the Protective Order and I hereby agree to be bound by it.

(3) I further agree that I shall not disclose such confidential information to others, except in accordance with the Protective Order.

(4) It is my understanding that if I fail to abide by the terms of the Protective Order then I may be subject to sanctions imposed by the Court for such a failure.

(5) I hereby consent to the jurisdiction of the Court for purposes of enforcing the Protective Order.

Dated: _____

_____
Signature

_____
Printed Name

SUBSCRIBED AND SWORN to before me on this the _____ day of _____, 2021.

_____
NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS