United States District Court
Southern District of Texas

**ENTERED**

August 26, 2021

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| KATHERINE MARTINEZ, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H- 20-3481 |
| | § | |
| TARGET CORPORATION, | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court are (1) a motion for summary judgment filed by defendant Target Corporation ("Target") (Dkt. 12); and (2) a motion for continuance filed by plaintiff Katherine Martinez (Dk. 14).  After considering the motions, responses, record evidence, and the applicable law, the court is of the opinion that the motion for summary judgment (Dkt. 12) should be GRANTED IN PART AND DENIED IN PART, and the motion for a continuance (Dkt. 14) should be DENIED.

**I. BACKGROUND**

This is a slip-and-fall case.  Martinez slipped on a clear and possibly soapy substance and fell in the Target store located in Humble, Texas on June 23, 2019.  Dkt. 12, Exs. A–D; Dkt. 13, Exs. A–D.  She filed a state-court petition against Target on September 2, 2020.  Dkt. 1-2 (state court petition).  She asserts negligence and premises liability claims and seeks monetary relief over $200,000 but not more than $1,000,000.  *Id.*  Target removed the case to this court on October 9, 2020. Dkt. 1.  The court entered a scheduling order on January 22, 2021.  Dkt. 8.  The scheduling order required discovery to be completed by May 26, 2021, and dispositive motions to be filed by June 30, 2021.  *Id.*

Target filed its initial disclosures on January 4, 2021, disclosing that Sherry Bryant was the Target leader and team member on duty on the day of Martinez's fall and likely had discoverable information. *See* Dkt. 15, Ex. A ("Sherry Bryant is the Target Leader/Team Member on Duty who responded to the scene and completed the incident report."). On March 1, 2021, Target produced its video surveillance footage to Martinez. *See* Dkt. 13, Ex. D (video); Dkt. 15 & Ex. B. Target deposed Martinez and her son, who was at Target with Martinez on the day of the slip and fall, during the discovery period. *See* Dkt. 15. On May 25, 2021, which is the day before the discovery deadline, Target supplemented its disclosures. Dkt. 15 & Ex. C. The May 25 disclosures identify Matt Bryan as the Target team member who is "depicted in video surveillance as walking through the area where Plaintiff fell about 20 minutes prior to Plaintiff's fall." Dk. 15, Ex. C. On June 3, 2021, Target agreed to provide responses to discovery the plaintiff had served in state-court, which Target had considered moot post-removal, within thirty days, even though the discovery deadline had passed. Dkt. 15, Ex. D.

On June 25, 2021, Target filed its motion for summary judgment and attached declarations from Bryan and Bryant as evidence. Dkt. 12. On June 30, 2021—more than a month after the discovery deadline—Martinez requested to depose Bryan and Bryant. Dkt. 15, Ex. E. On July 12, 2021, Target agreed to permit the deposition of Bryan but would not agree to allow Bryant's deposition because it had disclosed her as a person with knowledge in January 2021—well before the discovery deadline. Dkt. 15, Ex. E. Target advised Martinez it would agree to extend the discovery period until July 30 for Bryan's deposition. *Id.* Martinez, however, elected to take "the matter up with the Court" and filed a motion for continuance instead. *Id.*; *see also* Dkt. 14 (motion for continuance). Martinez also filed a substantive response to Target's motion for summary

2

judgment.  Dkt. 13.  Both the motion for summary judgment and the motion for continuance are ripe for disposition.

## II.  MOTION FOR CONTINUANCE

Federal Rule of Civil Procedure 56 requires the court to grant summary judgment, "after adequate time for discovery, and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548 (1986).  When facts are unavailable to the nonmovant, the nonmovant can submit an affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition to the motion for summary judgment.  Fed. R. Civ. P. 56(d).  Rule 56(d) supports continuance of a motion for summary judgment for purposes of discovery almost as a matter of course.  *Wichita Falls Off. Assocs. v. Banc One Corp.*, 978 F.2d 915, 918 (5th Cir. 1992).  However, courts are not so lenient if the non-moving party has not diligently pursued discovery. *See id.*  The Fifth Circuit has noted that "the trial court need not aid non-movants who have occasioned their own predicament through sloth."  *Id.* at 919.

In cases that do not involve lack of diligence, the law broadly favors motions for continuance of summary judgment to conduct additional discovery, and judges should liberally grant these motions to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose. *Am. Fam. Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (per curiam).  General requirements that the nonmovant must establish to receive a continuance for discovery purposes are as follows: requesting extended discovery prior to the court's ruling on summary judgment; putting the trial court on notice that the party is seeking further discovery pertinent to the summary judgment motion; and demonstrating to the trial court

specifically how the requested discovery pertains to the pending motion. *Wichita Falls*, 978 F.2d at 918. Non-moving parties requesting continuance of summary judgment may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts. *Am. Fam. Life*, 714 F.3d at 894. The party seeking additional time must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist. *Id.* Further, the party must indicate how the emergent facts will influence the outcome of the pending summary judgment motion. *Id.*

Martinez asserts that Bryan and Bryant's declarations are Target's main summary judgment evidence, and Martinez did not have a meaningful opportunity to explore either witness's knowledge. Dkt. 14. While Bryan was included in Target's initial disclosures, Martinez contends that this disclosure was "meaningless" because the declaration expands Bryant's knowledge beyond what would be expected from the disclosure. *Id.* As far as Bryan, Martinez complains that Target did not even disclose Bryan as a witness with knowledge until the day before discovery ended. *Id.*

Target points out that Bryant was disclosed over four months before discovery ended, that it noted in its disclosures that she was the team member on duty on the day of the incident, and that it also produced the incident report that provided Bryant's investigation. Dkt. 15. Target asserts that it disclosed Bryan's identity as soon as it identified him in the surveillance video, which was the day before the close of discovery. *Id.* However, Martinez did not request his deposition until thirty-six days later, which was after the motion for summary judgment relying in part on Bryan's declaration had been filed. *Id.* Target notes that it advised Martinez that it would agree to an extension of discovery until July 30 so that Martinez could depose Bryan, but Martinez did not accept that offer and instead filed her motion for continuance. *Id.*

The court finds that this is a case in which the plaintiff did not diligently seek discovery and now wishes to rely on Rule 56(d) to expand the discovery time period.  That is not the purpose of Rule 56(d), which allows for continuances when facts are *unavailable* to the nonmovant.  *See* Fed. R. Civ. P. 56(d).  With regard to Bryant, Target timely disclosed this witness in compliance with Rule 26, and Martinez elected not to depose her.  Rule 26 requires disclosure of individuals likely to have discoverable information and the subjects of that information.  *See* Fed. R. Civ. P. 26(a)(1).  Bryant was identified in Target's disclosures on January 4 as the Target leader who responded to the scene and prepared the incident report.  *See* Dkt. 14, Ex. A.  Martinez complains that Bryant's declaration unfairly goes well beyond this disclosure.  Dk. 14.  Bryant's declaration states that "Target was not aware of any substance, debri[s], or hazard, on the ground in the area where Plaintiff fell.  When hazards are observed by Target employees, they are guarded until cleaned.  Had any Target employees known about any hazardous substance on the floor prior to Ms. Martinez' fall, I would have been informed, as I was the Senior Team Lead and the Leader on Duty during the time of the incident."  Dkt. 12, Ex. B.  While Bryant's declaration does expand on the concise information in the disclosures, the court finds that the testimony is within the scope of Target's description of Bryant's job and knowledge in its disclosures.

As to Bryan, Target *agreed* to let Martinez depose Bryan after the discovery period ended, and Martinez did not accept the offer and does not provide any explanation for failing to set a deposition of Bryan during this time period.  Martinez, in fact, did not take any depositions in this case.  While certainly the disclosure rule is meant to help parties determine who they need to depose, it is not a substitute for conducting discovery.  *See* Fed. R. Civ. P. 26, Advisory Comm. Notes, 1993 Amend., Subdivision (a) ("Indicating briefly the general topics on which such persons have information should not be burdensome, and will assist other parties in deciding which

5

depositions will actually be needed."). And Rule 56(d) is not meant as a "do over" if the opposing party presents evidence the party seeking a continuance decided not to pursue during the discovery period. Target gave Martinez the opportunity to depose Bryan outside of the discovery period, and Martinez elected not to do so.

Martinez's motion for a continuance so that she can depose Bryan and Bryant is DENIED.

### III. MOTION FOR SUMMARY JUDGMENT

Target moves for summary judgment on both of Martinez's claims—negligence and premises liability. Dkt. 12. Martinez does not address the negligence claim in her response, but she contends there is an issue of material fact that precludes summary judgment on her premises liability claim. Dkt. 13. The court will first set forth the summary judgment standard, and it will then address whether summary judgment is appropriate under that standard for each claim.

### A.    Legal Standard

A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the nonmoving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party meets its burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e). The court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Env't Conservation Org. v. City of Dallas*, 529 F.3d 519, 524 (5th Cir. 2008).

**B.    Negligence**

Target argues that Martinez's negligence claim fails because Martinez does not have evidence that she was injured by the allegedly activity itself rather than as a result of negligent activity.  Dkt. 15.  Under Texas law, "[r]ecovery on a negligent activity theory requires that the person have been injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity."  *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992) (slip and fall on a waxy substance on the floor of a grocery store, allegedly due to negligently spraying plants when customers were in store).  Here, neither party has presented evidence indicating that Martinez was injured as a contemporaneous result of some activity.  Martinez has failed to demonstrate there is an issue of material fact to support her negligence claim.  Accordingly, Target's motion for summary judgment on the negligence claim is GRANTED, and that claim is DISMISSED WITH PREJUDICE.

**C.    Premises Liability**

Target also moves for summary judgment on Martinez's premises liability claim, arguing that it did not have actual or constructive knowledge of the hazardous condition and thus cannot be held liable.  Dkt. 12.  Martinez argues that the evidence shows that Target either knew or should have known about the spill that caused her accident.  Dkt. 13.  She argues that the video surveillance from Target demonstrates that the substance was present on the floor at least fifty minutes prior to Martinez's fall, which it contends is more than enough time for Target to discover it upon a reasonable inspection.  *Id.* (citing Dkt. 13, Ex. D).  The court will first discuss the legal standard for premises liability claims in slip-and-fall cases and then discuss whether the video creates an issue of material fact precluding summary judgment.

### 1.    Legal Standard

Because Martinez was in Target to buy goods with Target's permission, Texas law defines

Martinez as an invitee.  *See Rosas v Buddie's Food Store*, 518 S.W.2d 534, 536 (Tex. 1975).

Target owes invitees "a duty to exercise reasonable care to protect [them] from dangerous

conditions in the store known or discoverable to it."  *Wal–Mart Stores, Inc. v. Gonzalez*, 968

S.W.2d 934, 936 (Tex. 1998).   To recover damages on a premises liability claim, an invitee

plaintiff must prove four elements:

> (1) Actual or constructive knowledge of some condition on the
> premises by the owner/operator;
> (2) That the condition posed an unreasonable risk of harm;
> (3) That the owner/operator did not exercise reasonable care to
> reduce or eliminate the risk; and
> (4) That the owner/operator's failure to use such care proximately
> caused the plaintiff's injuries.

*Granados v. Wal–Mart Stores, Inc.*, 653 F. App'x. 366, 367 (5th Cir. 2016) (citing *Gonzalez*, 968

S.W.2d at 936).

Target moves for summary judgment on the premises liability claim, asserting that

Martinez cannot establish the knowledge element.  Dkt. 17.  A slip-and-fall plaintiff can satisfy

the knowledge element of a premises liability claim by showing that the defendant:

> (1) Put the foreign substance on the floor; or
> (2) Knew that the foreign substance was on the floor and negligently
> failed to remove it; or
> (3) That the foreign substance was on the floor so long that it should
> have been discovered and removed in the exercise of ordinary care.

*Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex.1992).   The first two ways of proving a

defendant's knowledge address actual knowledge.  *Id.*   The third way requires the plaintiff to

demonstrate the defendant's constructive knowledge.  *Id.*

Martinez alleges that Target knew or should have known about the spill—in other words,

that it had actual or constructive knowledge.  Dkt. 13.  She states that Target had actual or

constructive knowledge, but she does not provide arguments or evidence relating to actual

knowledge, so the court focuses on constructive knowledge.   When determining whether a

defendant had constructive knowledge of a hazardous condition, the court must consider evidence

of (1) longevity, (2) proximity, and (3) conspicuousness.  *Pena v. Home Depot U.S.A., Inc.*, 32 F.

Supp. 3d 792, 798 (S.D. Tex. 2013) (Hanen, J.) (applying Texas law).  To demonstrate constructive

knowledge, the plaintiff must show that it is more likely than not that the substance was present

on the floor long enough to give Target a reasonable opportunity to discover and remove the

substance in the exercise of ordinary care.  *Keetch*, 845 S.W.2d at 265.

To determine whether a defendant had a reasonable opportunity to discover and remove a

substance, courts use the time-notice rule.  *Wal–Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 816

(Tex. 2002).  The time-notice rule states that temporal evidence is the best indicator for whether a

premises owner had a reasonable opportunity to discover and remove a dangerous condition.  *Id.*

Temporal evidence demonstrates a hazardous condition existed for some definite length of time

before an incident occurred.  *See Yin v. Wal-Mart Stores Tex., LP*, No. B–09–26, 2009 WL

3753491 (S.D. Tex. Nov. 6, 2009) (Tagle, J.) (applying Texas law).  Without temporal evidence,

there is no basis upon which the fact finder can reasonably assess the liability of the premises

owner for failing to discover and remedy a dangerous condition.  *Reece*, 81 S.W.3d at 816.

The well-established rule is that a plaintiff's opinion as to the length of time the dangerous

condition existed amounts to nothing more than conjecture.  *See id.*  Similarly, mere proximity of

an employee, without proof of how long a substance was on the floor, is insufficient to support

constructive notice.  *See id.*  Employee proximity merely indicates that it was possible for the

premises owner to discover the condition, not that the premises owner reasonably should have discovered it.  *Id.*   The Texas Supreme Court has recognized that the constructive knowledge standard is harsh and demanding on plaintiffs.  *Gonzalez*, 968 S.W.2d at 938.

### 2.       Actual or Constructive Knowledge

Here, the only issue is whether Target had actual or constructive knowledge of a hazardous condition.  Target provides evidence that (1) Martinez did not know how long it was on the floor before her fall; (2) Martinez's son did not know how long it was on the floor before the fall; (3) Bryant states that if any employees had seen the spill, they would have informed her, and nobody did; and (4) Bryan states that he inspected the area where Martinez fell twenty minutes before she fell and did not see a dangerous substance on the floor.  Dkt. 12.  Martinez argues that the video shows that the spill was there for at least fifty minutes and Target reasonably should have discovered it.  She asserts that the video belies Target's assertion that an "inspection" was performed as Bryan was on and off the aisle within twenty seconds.  Dkt. 13.  She contends that the video also shows that other customers avoided the area.  *See id.*

The court has reviewed the video and agrees with Martinez.  On the video, a customer going down the aisle at around 6:12 is walking in the middle of the aisle and then appears to deliberately go around something in the same area where Martinez later slipped.  This customer then returned to walking down the center of the aisle.  *See* Dkt. 13, Ex. D.  Martinez fell at 6:52 p.m.—forty minutes after this customer walked around something on the floor.  *Id.*  Bryan is briefly in the video at 6:32 p.m.—twenty minutes before the fall—but it is difficult to tell what he is doing.  *See id.*  He indicates in his declaration that his job duties include "inspecting the floors for debri[s] or other dangerous substances," and that he was in "the exact area where Ms. Martinez fell" twenty minutes beforehand "and inspected the area and did not observe any substance, debri[s], or hazard,

on the aisle floor." Dkt. 12, Ex. C.  A reasonable jury presented with this evidence could conclude

that it is more likely than not that (1) there was a spill consisting of clear liquid present at 6:12; (2)

Bryan did not see the clear liquid spill when he briefly went to that area at 6:32 notwithstanding

his obligation to inspect; (3) he should have discovered it and removed it; and (4) Martinez slipped

and fell on the substance at 6:52.  Thus, there is an issue of material fact regarding whether the

substance was present on the floor long enough to give Target a reasonable opportunity to discover

and remove the substance in the exercise of ordinary care (constructive knowledge).  *See*

*Fordoche*, 463 F.3d at 392 ("[A] fact is genuinely in dispute only if a reasonable jury could return

a verdict for the non-moving party.").  Accordingly, because there is a question of material fact as

to Target's constructive knowledge, Target's motion for summary judgment on the premises

liability claim is DENIED.

## IV. CONCLUSION

Martinez's motion for a continuance (Dkt 14) is DENIED.  Target's motion for summary

judgment (Dkt. 12) is GRANTED IN PART AND DENIED IN PART.  It is GRANTED with

respect to Martinez's negligence claim, which is DISMISSED WITH PREJUDICE.  It is otherwise

DENIED.

Signed at Houston, Texas on August 26, 2021.

Gray H. Miller
Senior United States District Judge

11